**Electronically Filed
Intermediate Court of Appeals
29637
26-APR-2012
08:54 AM**

NO. 29637

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


EDGAR IBERA, BRANDY ELIZAGA, WHITNEY ELIZAGA,
AND ANGELIQUE IBERA, Individually, and as
Prochain Ami for TAYLOR IBERA, a minor,
Plaintiffs-Appellants,
v.
BERT MISHIMA, Defendant-Appellee,
and
JOHN DOES 1-10 AND JANE DOES 1-10, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CV. NO. 05-1-2043)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Ginoza, JJ.)


Plaintiffs-Appellants Edgar Ibera; Brandy Elizaga; Whitney Elizaga; and Angelique Ibera, individually, and as Prochein Ami for Taylor Ibera, minor, (collectively, the Iberas) appeal from the following interlocutory orders entered by the Circuit Court of the First Circuit (Circuit Court): (1) the January 12, 2009, "Order Regarding Defendant Bert Mishima's Petition for Order to Show Cause Why Edgar Ibera and Roy Y. Yempuku Should Not be Held in Contempt of Court" (January 12, 2009, Order); (2) the October 23, 2008, "Order Granting in Part and Denying in Part Defendant Bert Mishima's Motion to Deposit Settlement Proceeds With the Court and to Enforce Settlement" (October 23, 2008, Order); and (3) the oral ruling entered on

October 17, 2008, granting fees and costs to Patrick Jaress (Jaress), Edgar Ibera's attorney (Oral Order Regarding Attorney's Fees).[1]/

Edgar Ibera and his family and Defendant-Appellee Bert Mishima (Mishima) and his family have been engaged in a long-running personal dispute that has included multiple litigations. The January 12, 2009, Order and the October 23, 2008, Order involve the Circuit Court's enforcement of a settlement agreement that was placed on the record. The Oral Order Regarding Attorney's Fees concerns the Circuit Court's oral granting of Jaress's request for attorney's fees and costs and imposing the amount awarded as a lien against Edgar Ibera's portion of the settlement proceeds.

On appeal, the Iberas argue that the Circuit Court erred in: (1) enforcing the settlement agreement where (a) both parties had repudiated the settlement, and (b) pursuant to the doctrine of collateral estoppel, a decision by this court in a companion case had established the absence of a valid settlement agreement; (2) limiting the amount of attorney's fees which the Iberas' attorneys were entitled to charge for their services after the settlement agreement was placed on the record; and (3) awarding attorney's fees to Jaress to be paid from Edgar Ibera's share of the settlement proceeds.

I.

We first address our jurisdiction to address the Iberas' appeal. The January 12, 2009, Order was an order enforcing a settlement agreement between the Iberas and Mishima and was an appealable collateral order. Cook v. Surety Life Ins. Co., 79 Hawai'i 403, 408, 903 P.2d 708, 713 (App. 1995) (holding that "an order enforcing a settlement agreement is a collateral order which is appealable"). The January 12, 2009, Order incorporated the substance of the October 23, 2008, Order, but

---

[1]/ The Honorable Gary W.B. Chang presided over the proceedings relevant to this appeal.

also amended it in material and substantial respects, and the Iberas' notice of appeal was timely filed within thirty days of the January 12, 2009, Order. See Korsak v. Hawaii Permanente Medical Group, 94 Hawai'i 297, 304, 12 P.3d 1238, 1245 (2000) (concluding that where a judgment is amended in a material and substantial respect, the time for filing an appeal begins to run from the date of the amended judgment). We conclude that we have jurisdiction over the Iberas' appeal from the January 12, 2009, Order, and to address their arguments (1) and (2) above.[2/]

We lack jurisdiction, however, over the Oral Order Regarding Attorney's Fees, which was never reduced to writing and is not an appealable order. See KNG Corp. v. Kim, 107 Hawai'i 73, 77, 110 P.3d 396, 401 (2005) (stating that the trial court's "oral decision is not an appealable order"). Accordingly, we do not address the Iberas' argument (3) above, which challenges the Oral Order Regarding Attorney's Fees, but instead dismiss the Iberas' appeal from the Oral Order Regarding Attorney's Fees for lack of appellate jurisdiction.

II.

We resolve the Iberas' arguments (1) and (2) as follows:

A.

We conclude that the Circuit Court did not err in enforcing the settlement agreement.

1.

We reject the Iberas' claim that the settlement agreement had been repudiated by both parties. The Iberas acknowledge that "the parties entered into a settlement agreement[,]" which was placed on the record in the Circuit Court on May 31, 2007. After the settlement agreement was placed on

---

[2/] After the settlement agreement was placed on the record, the Circuit Court stated that it would "retain jurisdiction for purposes of enforcement of the settlement." We reject the Iberas' claim, raised for the first time in their reply brief, that the Circuit Court lacked jurisdiction to enforce the settlement agreement.

3

the record, a dispute arose regarding whether Mishima's wife and children would be included in the settlement release. The Iberas contend that this dispute, and the actions taken by Mishima and the Iberas regarding this dispute, resulted in a repudiation of the settlement agreement. We disagree.

"Generally, in the absence of bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it." Assocs. Fin. Servs. Co. of Hawai'i, Inc. v. Mijo, 87 Hawai'i 19, 29, 950 P.2d 1219, 1229 (1998) (block quote format and citation omitted). The question of whether Mishima's wife and children were to be included in the release from claims and liability under the settlement agreement is one over which reasonable people could disagree. We conclude that the actions of the Iberas and Mishima after placing the settlement agreement on the record did not constitute or result in a repudiation of the agreement. We are also unpersuaded by the Iberas' claim that Mishima had acted in bad faith and that on that basis, they were entitled to unilaterally repudiate the settlement agreement.

2.

We reject the Iberas' collateral estoppel argument. The Iberas rely on an order issued by this court, in consolidated appeals filed in a related case, which denied Mishima's motion to continue the disposition of Edgar Ibera's request for attorney's fees and costs. However, when Mishima filed his continuance motion before this court, the decision on whether to enforce the settlement agreement was still pending before the Circuit Court. In ruling on Mishima's continuance motion, we were not required to decide whether the settlement agreement was valid or should be enforced. Rather, in denying Mishima's continuance motion, we focused on the fact that the parties' dispute over the settlement agreement was still pending, noting that Mishima had not "submitted evidence of a binding settlement agreement that all parties have signed" and that "it appears that the parties have not resolved their ongoing dispute."

4

Because the issue of whether the settlement agreement was valid or enforceable was not essential to our decision to deny Mishima's continuance motion, our decision did not collaterally estop the Circuit Court from enforcing the settlement agreement. See Dorrance v. Lee, 90 Hawai'i 143, 148-49, 976 P.2d 904, 909-10 (1999); Exotics Hawai'i-Kona, Inc. v. E.I. Dupont De Nemours & Co., 104 Hawai'i 358, 365, 90 P.3d 250, 257 (2004).[3]

B.

In the January 12, 2009, Order, the Circuit Court imposed limits on the ability of counsel for the Iberas and Mishima to bill or collect for legal services. The January 12, 2009, Order "barred and prohibited" all counsel "from billing or collecting any payment from their clients for any legal services that were performed in connection with the four related cases after May 31, 2007 [(the date when the settlement agreement was placed on the record)], except as follows:" (1) each attorney could charge his or her own client up to three hours for services performed in drafting, reviewing, or executing the settlement documents; (2) Mishama's counsel could charge Mishima an additional 1.5 hours for preparing and circulating stipulations for dismissal and preparing the January 12, 2009, Order; and (3) the parties could pay their counsel additional sums for legal services performed after May 31, 2007, but were under no obligation to do so.

--------

[3] The Iberas raise new arguments in their reply brief on appeal that were not included in their opening brief and were not in rebuttal to arguments presented in Mishima's answering brief, including that: (1) judicial estoppel prevents Mishima from arguing that the Circuit Court's enforcement of the settlement agreement should be affirmed; and (2) the Circuit Court's enforcement order does not accurately reflect the terms of the settlement agreement. The Iberas waived these arguments by not presenting them in their opening brief, and we declined to address them. See In re Hawaiian Flour Mills, Inc., 76 Hawai'i 1, 14 n.5, 868 P.2d 419, 432 n.5 (1994) (holding that arguments raised for the first time in the reply briefs on appeal were deemed waived); Hawai'i Rules of Appellate Procedure Rule 28(d) (2008) (providing that "[t]he reply brief shall be confined to matters presented in the answering brief").

The Iberas argue that the Circuit Court's limitation on their counsel's ability to collect payment for legal services performed constituted sanctions against counsel and that the Circuit Court abused its discretion in imposing such sanctions sua sponte. We agree. Without prior notice, the Circuit Court sanctioned counsel by imposing significant restrictions on their ability to collect payment for legal services performed without a specific finding of bad faith. We conclude that the Circuit Court abused its discretion in imposing sanctions on counsel in this manner. See Hawai'i Rules of Civil Procedure Rule 11(c) (2000) (requiring a court imposing sanctions on its own initiative (1) to give attorney notice and a reasonable opportunity to respond to a show cause order and (2) to describe the violative conduct and explain the basis for the sanction imposed); Bank of Hawaii v. Kunimoto, 91 Hawai'i 372, 389, 984 P.2d 1198, 1215 (1999) ("It is well settled that a court may not invoke its inherent powers to sanction an attorney without a specific finding of bad faith.").

III.

For the foregoing reasons, we vacate the portion of the Circuit Court's January 12, 2009, Order that imposed limitations on the ability of the parties' counsel to bill or collect payment from their clients for legal services performed, and we affirm the January 12, 2009, Order in all other respects. We dismiss

//

//

//

//

//

the Iberas' appeal from the Circuit Court's Oral Order Regarding Attorney's Fees for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, April 26, 2012.

On the briefs:

Earl A. Partington
(Law Office of Earle A. Partington)
for Plaintiff-Appellant
EDGAR IBERA

Roy Y. Yempuku
(Law Offices of Roy Y. Yempuku, ALC)
for Plaintiffs-Appellants
BRANDY ELIZAGA, WHITNEY ELIZAGA,
AND ANGELIQUE IBERA, Individually,
and as Prochain Ami for
TAYLOR IBERA, minor

Douglas H. Knowlton
(Law Office of Douglas H. Knowlton)
Toby M. Tonaki
(Law Office of Toby M. Tonaki, AAL, ALC)
for Defendant-Appellee

Chief Judge

Associate Judge

Associate Judge

7